UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| I D Agency, Inc.,<br>30285 Bruce Industrial Parkway<br>Suite B<br>Solon, OH 44139<br><br>    Plaintiff,<br><br>v.<br><br>DiStefano Insurance Services, Inc.,<br>2036 Locust St S<br>Canal Fulton, OH 44614<br><br>    Defendant. | CIVIL ACTION NO.  1:16-cv-2021<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff I D Agency Inc. ("Plaintiff")'s personal knowledge, the investigation of counsel and information and belief. Plaintiff, through counsel, alleges the following:

**I.  INTRODUCTION**

Plaintiff brings this action for damages and other legal and equitable remedies under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et. seq.* Defendant DiStefano Insurance Services, Inc. ("Defendant") negligently and knowingly and/or willfully transmitted unsolicited junk fax messages to Plaintiff on an almost basis beginning on or about July 20, 2015. Defendants have sent at least 157 unsolicited advertisements via fax to Plaintiff, in violation of Federal Law, over the course of the past year. Plaintiff has never invited or given permission to Defendant of any kind to send the fax messages. Plaintiff has been damaged by Defendant's

barrage of unsolicited faxes. Unsolicited faxes drain time from Plaintiff's personnel, cause unnecessary out of pocket expenses, and waste valuable business resources.

In addition to and because of the waste of a recipient's valuable time and resources caused by the sending of unsolicited fax advertisements, federal law permits the recovery of statutory damages in the amount of $500 dollars per unsolicited fax.

## II. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, treble damages, and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 *et. seq.* and 47 C.F.R § 64.1200.

## III. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over count one pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227 et seq.

3. This Court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, and has purposefully made substantial contacts within this judicial district.

4. Venue is proper in the Eastern Division of the Northern District of Ohio because Defendant resides in this Judicial District, the acts which gave rise to this lawsuit occurred in this Judicial District, and Plaintiff resides in this Judicial District.

## IV. PARTIES

5. Plaintiff, I D Agency, Inc., is an Ohio Corporation with its principal place of business located within this Judicial District at 30285 Bruce Industrial Parkway, Solon, Ohio 44139.

6. Defendant, DiStefano Insurance Services, Inc., is an Ohio Corporation with its principal place of business located within this Judicial District at 2036 Locust St. S. Canal Fulton, Ohio 44614.

## V. FACTUAL ALLEGATIONS

7. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

8. On or about July 20, 2015, Defendant transmitted by telephone facsimile machine an unsolicited fax advertising the availability of Defendant's commercial insurance services to Plaintiff.

9. These unsolicited fax messages continued almost daily and still continue to the present day. A true and accurate copy of these facsimiles is attached hereto as Exhibit A.

10. Defendant created, made and/or sent Exhibit A to Plaintiff over 157 times over the course of nearly one calendar year.

11. Defendant knew or should have known Exhibit A advertises a good, product, or service.

12. Defendants intended to and did in fact distribute Exhibit A to Plaintiff without Plaintiff's express consent.

13. Plaintiff has not invited nor given permission, either expressly or otherwise, to Defendant to send any faxes advertising Defendant's services.

14. Defendant's facsimiles failed to state that Plaintiff may make a request to the sender of the advertisement not to send any future advertisements and that failure to comply, within 30 days, with such a request is unlawful.

15. As a result Defendant's knowing and/or willful actions, Plaintiff has sustained losses and damages including statutory damages.

**VI. COUNT ONE –Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**

16. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

17. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

18. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

19. Defendant has sent over 157 unsolicited advertisements via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff.

20. Defendant began sending the unsolicited advertisements on or about July 20, 2015 and continue to regularly send unsolicited advertisements to this day on an on-going basis.

21. Each individual facsimile containing an unsolicited advertisement sent by Defendant to Plaintiff constitutes a separate violation of the TCPA, entitling Plaintiff to damages for each violation under 47 U.S.C. § 227(b)(3).

22. The unsolicited advertisements are knowingly and/or willfully transmitted to Plaintiff without their prior express permission or invitation.

23. As a direct and proximate result of Defendant's knowing and/or willful actions, Plaintiff has sustained losses and damages, including loss of business resources and statutory damages of $500 per violation.

24. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. 227 *et. seq.*, Plaintiffs are entitled to an award of damages trebled to $1500 per violation as authorized under 47 U.S.C. 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays the Court:

1. Assume jurisdiction of this case;

2. Award Plaintiff the maximum damages available under each Count, including maximum statutory damages where available, and maximum economic and non-economic damages where available; including actual, general, punitive and other damages.

3. Award Plaintiff the sum of five hundred dollars ($500.00) for each violation, including pursuant to 47 U.S.C. §227(b)(3).

4. Award Plaintiff treble damages, including pursuant to 47 U.S.C. § 227(b)(3).

5. Enjoin Defendants from additional violations; and

6. Award such other relief the Court deems appropriate, including further declaratory relief.

Respectfully Submitted,
DOUCET & ASSOCIATES, CO. LPA

/s/ Andrew J. Gerling
Andrew J. Gerling (0087605)
*Attorney for Plaintiff I D Agency, Inc.*
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
(614) 944-5219 Phone; (818) 638- 5548 Fax
Andrew@TroyDoucet.com

## JURY TRIAL DEMANDED

Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

/s/ Andrew J. Gerling
Andrew J. Gerling (0087605)